39 F.3d 1177
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Maurice R. KERR, Plaintiff-Appellant,
v.
Erma M. KEETLEY; James K. Chapman, Sr.; Donald H.
Cunningham; Frank J. Cunningham; Glend. Longacre;
William P. Stewart, Individually and as Members of the Town
Council of Port Deposit, Maryland; Mayor and the Town
Council of Port Deposit, Maryland, a municipal corporation
organized pursuant to the laws of the State of Maryland,
Defendants-Appellees.
 No. 92-2411.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 5, 1993.
Decided Nov. 7, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. William M. Nickerson, District Judge. (CA-92-1718-WN)
 Victor K. Butanis, Bel Air, MD, for appellant. Daniel Karp, Allen, Johnsonm, Alexander & Karp, Baltimore, MD, for appellees.
 D.Md.
 AFFIRMED.
 Before WIDENER, MURNAGHAN, and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Maurice R. Kerr appeals from the district court's order dismissing his wrongful termination action for failure to state a claim. Kerr contends that the district court erroneously concluded that he did not have a property interest in his job. We find Kerr's claims to be without merit. Consequently, we affirm.
 
 
 2
 On September 30, 1989, Port Deposit Town Council member and Police Commissioner Michael Jon Pearce sent a letter to Maurice R. Kerr offering him the job of Chief of the Port Deposit Police Department. The letter stated that "this is not a politically appointed position." Kerr responded with a letter stating that the terms offered were "agreeable," but he proposed additional terms including that the statement that the appointment was not political would mean that his "appointment is to a career position not serving at the pleasure of the hiring authority but, barring gross misconduct or incompetence, [he] can expect to be employed until retirement." The Mayor and Town Council replied with a letter "accept[ing] the acceptance" of Kerr as Police Chief. Several months later the Mayor and Town Council notified Kerr by letter that they were dismissing him because they were not satisfied with his performance. Kerr had no prior warning his job was in peril.
 
 
 3
 Kerr filed a complaint against the Mayor and Town of Port Deposit, raising state claims and two 42 U.S.C. Sec. 1983 (1988) claims: Defendants, acting in their official and individual capacities, violated his Fifth and Fourteenth Amendment due process rights by terminating him without a pre-termination or post-termination hearing. Pursuant to Fed.R.Civ.P. 12(b)(6), Defendants filed a motion to dismiss for failure to state a claim. Finding that Kerr failed to state a federal claim because he lacked a property interest in continued employment with the Town of Port Deposit and declining to exercise supplemental jurisdiction over the state claims, the district court granted Defendants' motion to dismiss and Kerr timely appealed.
 
 
 4
 Dismissal under Fed.R.Civ.P. 12(b)(6) is properly granted where, construing the allegations in the light most favorable to the plaintiff and assuming the facts in the complaint are true, it is clear as a matter of law that no relief could be granted under any set of facts that could be proven consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). This Court reviews a Rule 12(b)(6) dismissal de novo. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989).
 
 
 5
 The sole issue on appeal is whether Kerr had a legitimate property interest in his continued employment with Port Deposit entitling him to due process protections. In Board of Regents v. Roth, 408 U.S. 564 (1972), the Supreme Court held that
 
 
 6
 [t]o have a property interest in a benefit, a person ... must ... have a legitimate claim of entitlement to it....
 
 
 7
 Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.
 
 
 8
 Id. at 577. In the district court, Kerr argued that his pre-employment correspondence with Defendants gave him a property interest in his job because the parties agreed that he could only be fired for cause. Therefore, he contended that Defendants wrongfully deprived him of due process by failing to give him a hearing either before or after his termination.
 
 
 9
 The district court rejected this argument, holding that even if the parties in fact had such an understanding, the town's charter gave Defendants only the authority to provide Kerr with at-will employment because it states that department heads (like the police chief) serve only "at the pleasure of the Mayor," therefore no property interest was created.
 
 
 10
 On appeal, Kerr relies on Beckham v. Harris, 756 F.2d 1032 (4th Cir.), cert. denied, 474 U.S. 903 (1985), to support his claim that he had a property interest in his job. In Beckham, this Court noted that the term "at the pleasure of the commission" means that an employee without an employment contract serves at the will of his employer and therefore lacks a property interest in his job. Id. at 1037. Kerr argues that his correspondence with Defendants constitutes an employment contract and thus he had a property interest in his job.[1]
 
 
 11
 Assuming arguendo that the correspondence between Kerr and the Defendants constituted an employment contract, see Hershey Foods Corp. v. Ralph Chapek, Inc., 828 F.2d 989, 995 n. 5 (3d Cir.1987), the district court properly found that it was ultra vires for attempting to grant merit protection to Kerr where no legislative authority permitted such action. Kerr presented no evidence that Maryland law authorizes municipalities to grant merit protection to employees. Moreover, the language of Port Deposit's charter expressly provides that department heads serve at the Mayor's pleasure. Because the "contract" was contrary to the law, it was invalid. See Shlay v. Montgomery, 802 F.2d 918, 922 (7th Cir.1986).
 
 
 12
 Because Kerr had no valid employment contract, he served at the Mayor's pleasure and lacked a property interest in his job as Port Deposit Police Chief. Accordingly, we affirm the district court's order dismissing Kerr's complaint for failure to state a claim. We grant Kerr's motion to waive oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED.[2]
 
 
 [1]
 In his appeal, Kerr also argues for the first time that the parties' understanding that he would not be discharged except for gross misconduct or incompetence was consistent with the charter's provision that he served at the pleasure of the Mayor. Because Kerr failed to raise this claim in the district court and it does not involve a strict question of law which must be reviewed to avoid a fundamental miscarriage of justice, he cannot assert this theory for the first time on appeal. McCoy v. Massachusetts Inst. of Technology, 950 F.2d 13, 22 (1st Cir.1991), cert. denied, 60 U.S.L.W. 2366 (U.S.1992); N.A.A.C.P. v. Hunt, 891 F.2d 1555, 1563 (11th Cir.1990). Cf. Smith v. County of Albemarle, 895 F.2d 953, 954 (4th Cir.) (issue of standing reviewable for the first time on appeal because it is jurisdictional question), cert. denied, 498 U.S. 823 (1990). Even if Kerr had raised this theory in the district court, we find that it lacks merit
 
 
 [2]
 We express no opinion on the merits of any state law claims which may have been involved in this proceeding